## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: ) | | |
| ) | | |
| RICHARD EDWARD MOORE, II ) | CASE NO. 05-42431 | |
| Debtor ) | CHAPTER 7 | |
| ) | | |

| | | |
|---|---|---|
| FIRST UNITED BANK AND TRUST COMPANY ) | | |
| OF HOPKINS COUNTY, INC. ) | | |
| Plaintiff. ) | A.P. NO. 06-4018 | |
| vs. ) | | |
| RICHARD EDWARD MOORE, II ) | | |
| Defendant ) | | |

| | | |
|---|---|---|
| RUSS WILKEY, TRUSTEE ) | | |
| Plaintiff ) | A.P. NO. 07-4033 | |
| vs. ) | | |
| CYNTHIA MOORE and ) | | |
| CATHERINE MOORE ) | | |
| Defendants ) | | |

**MEMORANDUM**

This matter comes before the Court on the Motion to Extend Time filed by Cynthia L. Moore (the "Movant") filed in the main case and these two adversary proceedings. In the motions, the Movant requests that the Court allow her until March 8, 2008 to employ new counsel. To address these motions, the Court will provide a brief chronology of the history of this case.

1. The debtor filed this Chapter 7 bankruptcy case on September 30, 2005, and on October 1, 2005, Russ Wilkey was appointed as Chapter 7 Trustee.

2. On January 27, 2006, First United Bank and Trust Company of Hopkins County, Inc. ("the Bank"), filed adversary 06-4018 against the debtor seeking a denial of discharge and to determine the dischargeability of certain debts. The Movant filed a motion to intervene in this action which the Bank opposed. A hearing on the motion to intervene and a pre-trial

conference are both scheduled for hearing on March 12, 2008.

3. On June 30, 2007, the Trustee initiated this adversary against the debtor's ex-spouse, the Movant, and the debtor's daughter, Catherine Moore. In the adversary, the Trustee sought a determination declaring the parties respective interests in several types of personal property. The adversary is scheduled for a pre-trial conference on March 12, 2008.

4. On November 20, 2007, the Trustee filed a motion to sell various pieces of personal property, including several gold coins. He had received an offer for the property of approximately $3,725.00.

5. On December 3, 2007, Michael A. Fiorella, of the law firm Sullivan, Mountjoy, Stainback & Miller, P.S.C., filed an objection to the motion to sell on behalf of the Movant.

6. Four days later, on December 7, 2007, Frank Stainback on behalf of Sullivan, Mountjoy, Stainback & Miller, P.S.C. filed a Motion to Withdraw as Counsel of Record. He further requested that the Movant be allowed sixty (60) days to obtain replacement counsel. The Court set this motion to withdraw for hearing to be held on January 16, 2008.

7. On December 10, 2007, the Trustee withdrew his motion to sell, indicating he would re-file the motion but that the property would be sold at public auction rather than by private sale. On that same date, he filed his amended motion to sell, which the Court also set for hearing on January 16, 2008.

8. On December 11, 2007, the Movant, filed a *pro se* objection to the motion to sell. In the objection, the Movant indicates that she did not object to the liquidation of the collateral, only that she claimed an interest in the proceeds and that the proposed offer of $3,275 may not have reflected the highest and best liquidation value. Apparently, the Movant was

unaware that the Trustee had filed a new motion to sell proposing a sale at public auction. In her objection, the Movant also indicated that she had terminated the law firm of Sullivan, Mountjoy, Stainback & Miller, P.S.C. from representing her on November 29, 2007, and requested additional time to obtain new counsel.

9. On December 21, 2007, the Movant filed a second *pro se* objection to the motion to sell. This objection repeated the same points raised in the previous *pro se* objection filed on December 11, 2007.

10. On December 27, 2007, Sullivan, Mountjoy, Stainback & Miller, P.S.C., as still counsel of record for the Movant, filed an objection to the second motion to sell.

11. On December 29, 2007 and January 3, 2008, the Movant filed two more *pro se* Amended Objections, raising many of the same points she previously raised in her earlier objections.

12. On January 16, 2008, the Court conducted a hearing in both the main case and the two adversary proceedings. At that hearing, the Court continued the hearings in the main case and adversaries until March 12, 2008. The Court also granted the motion to withdraw filed by Sullivan, Mountjoy, Stainback & Miller, P.S.C., and allowed the Movant until February 8, 2008, to obtain replacement counsel. The Court explained to the Movant that we would proceed with the relevant hearing at the March hearing date, regardless of whether she obtained new counsel.

13. On February 7, 2008, the Movant filed a motion requesting additional time to obtain replacement counsel. She indicated she had several appointments with different attorneys, but that additional time was needed to finalize employment of replacement counsel.

14. On February 11, 2008, the Court entered an order granting the Movant's motion and allowed

        her up to and including February 29, 2008, to obtain replacement counsel.

15.      On March 3, 2008, the Movant filed a second motion for extension of time to obtain new counsel.  She now seeks up to March 8, 2008, to hire new counsel.

The Court has recited these facts in order to stress to the Movant that the hearings in the adversaries and the hearing on the Motion to Sell will go forward on March 12, 2008.  The Court notes that by the Movant's own admission, she has been without counsel since November 29, 2007.  She has had over 90 days since she terminated Sullivan, Mountjoy, Stainback & Miller, P.S.C. to obtain replacement counsel.  While she mentions that she has had appointments with an undisclosed number of attorneys, she offers no justification for her failure to obtain new counsel in the substantial time already provided to her by the Court.  Nevertheless, while the Court will again grant these motions for extension to obtain new counsel, the Movant is put on notice that no continuance of the March 12, 2008 hearings will be granted, absent truly extraordinary circumstances.  An Order consistent with this Memorandum will be entered this same date.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: ) | | |
| ) | | |
| RICHARD EDWARD MOORE, II ) | CASE NO. 05-42431 | |
| Debtor ) | CHAPTER 7 | |
| ) | | |

| | | |
|---|---|---|
| FIRST UNITED BANK AND TRUST COMPANY ) | | |
| OF HOPKINS COUNTY, INC. ) | | |
| Plaintiff. ) | A.P. NO. 06-4018 | |
| vs. ) | | |
| RICHARD EDWARD MOORE, II ) | | |
| Defendant ) | | |

| | | |
|---|---|---|
| RUSS WILKEY, TRUSTEE ) | | |
| Plaintiff ) | A.P. NO. 07-4033 | |
| vs. ) | | |
| CYNTHIA MOORE and ) | | |
| CATHERINE MOORE ) | | |
| Defendants ) | | |

**ORDER**

Pursuant to the Court's Memorandum entered this date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the Motion to Extend Time is **GRANTED** and the Movant, Cynthia L. Moore, shall have up to and including March 8, 2008 to obtain new counsel.